UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS MORGAN,<br><br>                Plaintiff,<br>v.<br><br>NANCY BERRYHILL, Acting Commissioner, Social Security Administration,<br><br>                Defendant. | Case No.: 17cv2227-LAB(KSC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 3] |

      Plaintiff recently filed a Complaint alleging that defendant Social Security Administration ("SSA") failed to comply with its obligations under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). [Doc. No. 1, at pp. 1-3.] Along with his Complaint, plaintiff filed a Request for Appointment of Counsel. [Doc. No. 3.] In the Request, plaintiff states that he has been unable to obtain legal counsel in this case despite "diligent efforts." [Doc. No. 3, at p. 1.] Plaintiff requests that the Court appoint counsel in this case, because he is unable to pay the cost of an attorney and because he has no legal training or knowledge to argue the case and file motions. [Doc. No. 3 at pp. 2-3.]

A plaintiff in a civil case generally has no right to appointed counsel. *See Hernandez v. Whiting*, 881 F.2d 768, 770-771 (9th Cir. 1989). Federal Courts do have discretion to request counsel "to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, appointment of counsel under Section 1915 requires a finding of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal quotations omitted).

Here, plaintiff did file an Application to proceed *in forma pauperis* in this case, but his inability to pay has not yet been established, because plaintiff did not sign his Application. In a separate Order, the Court denied plaintiff's Application but granted him additional time to sign and then re-submit his Application.

There is also no basis to support a finding of exceptional circumstances at this time. First, the record is not sufficiently developed so that the Court can make a determination on the likelihood of success on the merits.

Second, there is nothing from which the Court could conclude plaintiff lacks the ability to articulate and prosecute his claims *pro se*. The allegations in the Complaint are clearly stated and several exhibits are attached to the Complaint in support of the allegations. [Doc. No. 1, at pp. 25-135.] Thus far, plaintiff has shown an ability to effectively articulate his claim and communicate with the Court.

Third, the allegations in the Complaint are not complex. The Complaint includes only a single claim against the SSA for an alleged failure to comply with FOIA.

Finally, *pro se* litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also

applies to motions. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's Request for Appointment of Counsel is DENIED.

IT IS SO ORDERED.

Dated: November 27, 2017

Hon. Karen S. Crawford
United States Magistrate Judge