UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS MORGAN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL, Acting Commissioner, SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　　　Defendant. | Case No.: 17cv2227-LAB(KSC)<br><br>**REPORT AND RECOMMENDA-TION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 21] AND DEFENDANT'S MOTION TO DISMISS [Doc. No. 26]** |

Before the Court are plaintiff's Motion for Summary Judgment and defendant's Opposition thereto [Doc. Nos. 21, 27]; and defendant's Motion to Dismiss and plaintiff's Opposition thereto [Doc. Nos. 26, 29]. Defendant also filed a Reply in Support of the Motion to Dismiss [Doc. No. 32]. For the reasons outlined more fully below, IT IS RECOMMENDED that the District Court DENY plaintiff's Motion for Summary Judgment and request for entry of a default judgment [Doc. No. 21] and GRANT defendant's Motion to Dismiss [Doc. No. 26].

### *Background*

The Complaint alleges that plaintiff made a request for documents to defendant Social Security Administration (SSA) under the Freedom of Information Act (FOIA), and

1

the request was assigned number SSA-2017-000461. [Doc. No. 1, at p. 2.] According to the Complaint, defendant SSA either ignored his request, delayed release of responsive documents, and/or refused to disclose the requested documents. [Doc. No. 1, at p. 2.] As a result, the Complaint seeks an order requiring defendant to release all documents responsive to FOIA Request No. SSA-2017-000461. [Doc. No. 1, at p. 2.]

Plaintiff later filed a Motion to Amend. [Doc. No. 16.] In this Motion, plaintiff requested leave to amend his Complaint so that he could add the following FOIA requests that defendant allegedly "ignored":

> FOIA Request SSA-2017-000460 Filed on 2017-07-03
> FOIA Request SSA-2018-001063 Filed on 2018-01-03
> FOIA Appeal SSA-2017-001116 Filed on 2017-08-24
> FOIA Request SSA-2018-001405 Filed on 2018-01-31
> FOIA Appeal SSA-2018-001495 Filed on 2018-02-08

[Doc. No. 16, at p. 2.]

The District Court granted plaintiff's request to file an amended complaint to add the above-listed FOIA requests. [Doc. No. 18, at p. 1.] Local Rule 15.1(b) states as follows: "If the court grants the motion [to amend a pleading], the moving party must file and serve the amended pleading." CivLR15.1(b). However, to date, plaintiff has not filed or served an amended complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, for purposes of analysis, this Court will assume that plaintiff's Complaint has been amended to include the above-listed FOIA requests.

### ***Discussion***

### **I.    *Plaintiff's Motion for Summary Judgment.***

Plaintiff filed a two-page Motion for Summary Judgment which cites "FRCP 56" and generally repeats his allegation that defendant "willfully avoided responding" to his FOIA requests. [Doc. No. 21, at p. 2.] Plaintiff did not cite any portions of the record or submit any evidence in support of his Motion for Summary Judgment. In Opposition

2

17cv2227-LAB(KSC)

to plaintiff's Motion for Summary Judgment, defendant refers the Court to its Motion to Dismiss, and argues that summary judgment is not appropriate in this case because plaintiff's FOIA claims are moot so the Court lacks subject matter jurisdiction. [Doc. No. 27, at p. 3.]

The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the parts of the record, such as depositions, documents, affidavits or declarations, demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-1103 (9th Cir. 2000).

In a FOIA action, the defendant government agency bears the burden of demonstrating that it conducted a "search reasonably calculated to uncover all relevant documents." *Zemansky v. United States Envtl Prot. Agency*, 767 F.2d 569, 571 (9th Cir. 1985). To establish the adequacy of a search, the defendant "may rely upon reasonably detailed, non-conclusory affidavits submitted in good faith." *Id.* The defendant also bears the burden of establishing that an exemption applies to any responsive documents that were not disclosed. *Dobronski v. Fed. Communications Comm'n*, 17 F.3d 275, 277 (9th Cir.1994).

Here, plaintiff's Motion for Summary Judgment includes only conclusory allegations, such as defendant "willfully avoided responding" to his FOIA requests. [Doc. No. 21, at p. 2.] In his Motion, plaintiff does not argue there is no genuine issue of

material fact. Nor does he contend he is entitled to judgment as a matter of law. [Doc. No. 21, at pp. 1-2.] Plaintiff also did not submit any evidence in support of his Motion for Summary Judgment. [Doc. No. 21, at pp. 1-2.] As a result, he did not meet his initial burden under Rule 56(a) to inform the District Court of any viable basis for granting the Motion. In other words, there is nothing from which the Court could conclude that plaintiff is entitled to summary judgment or summary adjudication in his favor. Under these circumstances, it is RECOMMENDED that the District Court DENY plaintiff's Motion for Summary Judgment.

## II.     *Plaintiff's Request for Entry of a Default Judgment.*

In his Motion for Summary Judgment, plaintiff complains that defendant "failed to respond to [the C]omplaint within sixty (60) days of service of summons." [Doc. No. 21, at p. 2.] As a result, plaintiff "demands a Default Judgment be entered." [Doc. No. 21, at p. 2.]

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). The clerk can enter judgment if the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation. . . ." Fed.R.Civ.P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed.R.Civ.P. 55(b)(2). "A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed.R.Civ.P. 55(d). Here, plaintiff did not cite or submit an affidavit or any other evidence in support of his request for a default judgment [Doc. No. 21, at p. 2], and, for the reasons outlined more fully below, there is simply no basis for the Court to enter a default judgment against the defendant in this case.

Based on the record, it does not appear that defendant was properly served as required by Federal Rule of Civil Procedure 4(i) and 4(m). As this Court reads it, Rule 4(i) required plaintiff to serve: (1) "the United States attorney for the district where

4

the action is brought" either by delivery or certified or registered mail to the clerk; (2) the Attorney General of the United States in Washington, D.C. by certified or registered mail; and (3) the SSA by registered or certified mail. Fed.R.Civ.P. 4(i)(1)(A)(i), (B)(2). The record indicates plaintiff served the SSA by certified mail on December 20, 2017 [Doc. No. 14] and then served the Attorney General in Washington, D.C. by certified mail on May 23, 2018 [Doc. No. 25]. The record does not indicate plaintiff served the United States Attorney as required by Rule 4(i)(1)(A)(i), (ii).

Federal Rule of Civil Procedure 4(m) generally requires a defendant to be served within 90 days after a complaint is filed unless there is a showing of good cause and the Court extends the time. Fed.R.Civ.P. 4(m). Plaintiff filed his FOIA Complaint on November 1, 2017. [Doc. No. 1.] The Social Security Administration was served on December 20, 2017 [Doc. No. 14], which was within the 90 days required under Rule 4(m). However, the Attorney General was not served until May 23, 2018 [Doc. No. 25], long after the 90 days had expired. In addition, as noted above, the record does not indicate plaintiff ever served the United States Attorney. Nor does the record indicate the District Court extended time for service upon a showing of good cause.

In FOIA cases, the government must "serve an answer or otherwise plead to any complaint . . . within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown." 5 U.S.C. § 552(a)(4)(C). Despite the apparent defects in service, defendant did respond to the Complaint by filing a Motion to Dismiss within 30 days after the Attorney General was served in Washington, D.C. [Doc. Nos. 25, 26.] Accordingly, IT IS RECOMMENDED that the District Court DENY plaintiff's request for entry of a default judgment against the defendant.

### III. Defendant's Motion to Dismiss.

#### A. Standards for Rule 12(b)(1) Motions to Dismiss.

Citing Federal Rule of Civil Procedure 12(b)(1), defendant argues that the District Court should dismiss plaintiff's Complaint because his FOIA claims are moot and the

District Court therefore lacks subject matter jurisdiction. [Doc. No. 26-1, at pp. 1, 5, 15.] "Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *Id.* If the attack is factual, a District Court "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *Id.* "It also need not presume the truthfulness of the plaintiff['s] allegations." *Id.*

### B. *Mootness and Subject Matter Jurisdiction.*

In the Motion to Dismiss, defendant argues that all of the allegations in the Complaint and any amendments thereto are moot because it has "fully responded" to all of plaintiff's FOIA requests. [Doc. No. 26-1, at p. 5.] As a result, defendant contends that the Court lacks subject matter jurisdiction as there is nothing left to adjudicate. [Doc. No. 26-1, at pp. 5, 11.] In support of its Motion to Dismiss, defendant submitted a detailed Declaration and exhibits showing its responses to plaintiff's FOIA requests. [Doc. No. 26-2, at pp. 1-9 *et seq.*]

"It has long been settled that a federal court has no authority 'to give opinions upon moot questions'. . . which cannot affect the matter in issue in the case before it. [Citations omitted.]" *Church of Scientology of California v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 449, 121 L. Ed. 2d 313 (1992). "For that reason, if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party," the case "must be dismissed. [Citation omitted.]" *Id.*

"In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot. [Citation omitted.]" *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009). According to the Ninth Circuit,

"production of all nonexempt material, 'however belatedly,' moots FOIA claims." *Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002), quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982). For example, the plaintiff in *Carter v. Veterans Administration* (VA), 78 F.2d 1479 (9th Cir. 1986), made a FOIA request to the VA for copies of certain regulations that pertained to his VA benefits. He then filed a lawsuit in District Court when the VA only referred him to a library and did not "send him actual copies" of the regulations. *Id.* at 480. Since the plaintiff's complaint "sought injunctive relief directing the VA to provide the documents he requested," the Ninth Circuit concluded that the plaintiff's complaint "was mooted when the VA voluntarily mailed copies of the regulations to [the plaintiff]." *Id.* at 1481.

"The party alleging mootness bears a 'heavy burden' in seeking dismissal. [Citation omitted.] It must show that it is 'absolutely clear' that the allegedly wrongful behavior will not recur if the lawsuit is dismissed." *Rosemere*, 581 F.3d at 1173, quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). This burden can be met with affidavits that are "relatively detailed and nonconclusory." *Papa v. U.S.*, 281 F.3d at 1013. An affidavit merely stating that certain documents were produced is insufficient. Rather, the affidavit must indicate that all documents have been produced and must "detail the methods used to search for documents." *Id.*

In support of the Motion to Dismiss, defendant submitted the Declaration of Monica Chyn, an employee of the SSA who is charged with "reviewing all initial FOIA requests and determining whether information should be released to the public." [Doc. No. 26-2, at p. 2.] Ms. Chyn has "personal knowledge of the procedures that the SSA employs in handling FOIA requests for records. . . ." [Doc. No. 26-2, at p. 2.] Her Declaration includes a detailed account of all of the steps taken by the SSA to respond to each of plaintiff's FOIA requests. As to each and every request, the Declaration indicates that the SSA searched appropriately and exhaustively for the documents plaintiff was seeking and then sent him copies of all of the responsive documents that were located. [Doc No. 26-2, at pp. 2-9.] Exhibits attached to the Declaration include SSA's responses

to all of the above-listed FOIA requests, along with any documents produced in response to these requests. [Doc. Nos. 26-3 through 26-16.] There is nothing in the Declaration to indicate SSA withheld any responsive documents from production for any reason.

Although plaintiff opposes defendant's Motion to Dismiss on various grounds, he essentially concedes that "the alleged violations of FOIA" in his Complaint have "apparently been addressed." [Doc. No. 29, at p. 3.] Plaintiff does not contend that defendant failed to respond to any of the above-listed FOIA requests or to produce all responsive documents. [Doc. No. 29, at pp. 1-4.] Nor does he argue that any wrongful conduct alleged in the Complaint will continue in the future if his FOIA action is dismissed. [Doc. No. 29, at pp. 1-4.] Therefore, based on all of the moving, opposing, and reply papers submitted, it is this Court's view that defendant met its burden of establishing that all of plaintiff's FOIA claims against defendant are now moot and should be dismissed. Accordingly, IT IS RECOMMENDED that the District Court GRANT defendant's Motion to Dismiss the Complaint.

In his Opposition to defendant's Motion to Dismiss, plaintiff does present several arguments as to why he believes the District Court should not dismiss his FOIA Complaint, but none of these arguments effect this Court's view that the FOIA Complaint should be dismissed as moot and for lack of subject matter jurisdiction. First, plaintiff refers the Court to another Complaint he filed in Case No. 18cv380-LAB(KSC) to challenge the SSA's denial of his disability benefits (the "disability case"). It is plaintiff's view that the District Court should not dismiss his Complaint in this FOIA case, because it is "merged" with the disability case, and the District Court decided the two cases should be treated "as a single case." [Doc. No. 29, at pp. 1-2.] Plaintiff is mistaken. These two cases have not been consolidated or "merged" for all purposes as plaintiff asserts.

The record includes a Report of Clerk and Order of Transfer Pursuant to 'Low-Number' Rule, which states that Case No. 18cv380-WQH(NLS) (*i.e.*, the disability case) and Case No. 17cv2227-LAB(KSC) (*i.e.*, the FOIA case) **"are NOT CONSOLIDATED**

**at this point; all pleadings must still be filed separately in each case."** [Doc. No. 16, at p. 1 (emphasis added).] The Order transfers Case No. 18cv380-WQH(NLS) to the dockets of District Judge Larry Alan Burns and Magistrate Judge Karen S. Crawford, who were previously assigned to Case No. 17cv2227-LAB(KSC) (*i.e.*, the "low number" case). Case No. 18cv380-WQH(NLS) was transferred and re-numbered as 18cv380-LAB(KSC), because the cases are "related" (*i.e.*, they involve the same parties and appeared at the time the transfer was made to possibly involve common issues). This transfer was made so that both cases could be considered by the same District Judge and Magistrate Judge. As noted above, however, the cases have not been consolidated to be handled as a single case and they do not involve common issues. The disability case (18cv380-LAB(KSC)) seeks judicial review of the SSA's denial of disability benefits to plaintiff, and the FOIA case (17cv2227-LAB(KSC)) only seeks an order compelling production of documents maintained in the SSA's administrative records that plaintiff believes he needs to challenge the denial of disability benefits by the SSA. In short, there is no reason for the Court to address the two cases together, and the dismissal of this case would have no impact on the resolution of the related disability case.

Second, plaintiff argues that the District Court should deny defendant's Motion to Dismiss, because he "fears that the dismissal of even a portion of [the FOIA case] may lead to the prohibition and/or denial of his ability to use the defendant-supplied evidence in his arguments [in connection with his summary judgment motion in the disability case]. [Doc. No. 29, at p. 3.] Although plaintiff's argument is somewhat unclear, it appears he believes he may want to submit some documents produced by the SSA in this FOIA case as exhibits to a motion in the disability case (Case No. 18cv380-LAB(KSC)) but will be unable to do so if the FOIA case is dismissed. However, as defendant contends, any dismissal of the FOIA case for mootness and lack of subject matter jurisdiction would not be relevant to whether documents disclosed during the course of the FOIA case would be admissible in any other legal proceeding. Therefore, plaintiff's argument does not provide a viable basis for denying defendant's Motion to Dismiss.

Third, plaintiff argues that defendant's Motion to Dismiss should be denied, because a dismissal would harm his "ability to recover damages" from defendant. [Doc. No. 29, at p. 3.] However, "[p]laintiffs are not entitled to monetary damages for violations of FOIA because 5 U.S.C. § 552(a)(4)(B) authorizes only injunctive relief."[1] *Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 675 (7th Cir. 2009). *See also Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 816 (8th Cir. 2004); *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002); *Johnson v. Comm'r*, 239 F. Supp. 2d 1125, 1138 (W.D. Wash. 2002). In other words, plaintiff's argument does not provide a viable basis for denying defendant's Motion to Dismiss. Since plaintiff has not presented a viable or legal basis for denying defendant's Motion to Dismiss, the Court reiterates its recommendation that the District Court GRANT defendant's Motion to Dismiss.

### B. *Request for Dismissal of Improper Individual Defendant.*

In the Motion to Dismiss, defendant also seeks dismissal of Nancy Berryhill, Acting Commissioner of the SSA, because individual government officials cannot be sued under FOIA. [Doc. No. 26-1, at p. 4.] Defendant is correct. The Ninth Circuit has held that "individual officials are not proper defendants in a FOIA action." *Yagman v. Pompeo*, 868 F.3d 1075, 1078 (9th Cir. 2017), citing *Drake v. Obama*, 664 F.3d 774, 785-786 (9th Cir. 2011). It is therefore RECOMMENDED that the District Court GRANT defendant's Motion to Dismiss as to individual defendant Nancy Berryhill, Acting Commissioner of the SSA.

/ / /

/ / /

---

[1] The Ninth Circuit also held that "a pro se litigant may not recover attorney's fees under the FOIA." *Carter v. Veterans Admin.*, 78 F.2d at 1481. Although "a pro se litigant may, as a prevailing party, recover all costs reasonably incurred" (*id.* at 1482), any request for costs would be "ancillary to the underlying action and survive independently under the court's equitable jurisdiction." *Id.* at 1481.

10

17cv2227-LAB(KSC)

## *Conclusion*

Based on the foregoing, IT IS HEREBY RECOMMENDED that the District Court issue an order:

(1) DENYING plaintiff's Motion for Summary Judgment, because plaintiff did not meet his initial burden of identifying portions of the record to establish there are no genuine issues of material fact [Doc. No. 21];

(2) DENYING plaintiff's request for entry of a default judgment against defendant because, defendant responded to the Complaint despite inadequate service of process [Doc. No. 21];

(3) GRANTING defendant's Motion to Dismiss plaintiff's FOIA claim as moot and for lack of subject matter jurisdiction, because defendant completed reasonable searches of its records, appropriately responded to all of plaintiff's FOIA requests, and produced all responsive documents that were located; and

(4) GRANTING defendant's Motion to Dismiss Nancy Berryhill, Acting Commissioner of SSA, because she is an improper individual defendant.

This Report and Recommendation is submitted to the assigned United States District Judge pursuant to Title 28, United States Code, Section 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. "Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections. . . ." 28 U.S.C. 636(b)(1). The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 11, 2019

Hon. Karen S. Crawford
United States Magistrate Judge