
FILED
FEB 12 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS MORGAN,<br><br>        Plaintiff,<br>v.<br>NANCY BERRYHILL, Acting Commissioner, SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | Case No.: 17cv2227-LAB(KSC)<br><br>**ORDER DENYING PLAINTIFF'S "NOTICE OF DEFENDANT'S DECEPTIVE ACTIONS AND REQUEST [FOR] ENFORCEMENT," CONSTRUED AS A MOTION TO COMPEL DISCOVERY AND A MOTION FOR DISCOVERY SANCTIONS**<br><br>[Doc. No. 23.] |

  Plaintiff Travis Morgan, proceeding *pro se* and *in forma pauperis*, filed this action under the Freedom of Information Act ("FOIA") seeking an order compelling disclosure of administrative records by the Social Security Administration ("SSA"). [Doc. Nos. 1, 6, 8.] Before the Court is a document filed by plaintiff which is entitled "Notice of Defendant's Deceptive Actions and Request [for] Enforcement." [Doc. No. 23.] In this

1

17cv2227-LAB(KSC)

Notice, plaintiff complains that he received a deceptive or confusing response to FOIA Request No. SSA-2017-001116. [Doc. No. 23, at 1.] As a result, he requests that the Court compel defendant SSA to provide him with a "proper" response to his FOIA request and impose sanctions against the SSA. [Doc. No. 23, at p. 1.]

Plaintiff cites no legal basis for the relief he requests. Although the basis of plaintiff's request for relief is unclear, the Court construes his Notice as a Motion to Compel Discovery under Federal Rule of Civil Procedure 37(a)(3)(B) and a Motion for Discovery Sanctions under Federal Rule of Civil Procedure 37(a)(5).[1] Under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection," but only if a party fails to respond to formal discovery requests under the Federal Rules of Civil Procedure. Fed.R.Civ.P. 37(a)(3)(B)(i)-(iv). If the Court grants such a motion, it may impose sanctions under certain circumstances. Fed.R.Civ.P. 37(a)(5)(A)(i)-(iii).

Discovery in FOIA cases "is limited because the underlying case revolves around the propriety of revealing certain documents." *Lane v. Department of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). Courts may deny or delay requests for discovery in a FOIA case, if the plaintiff seeks "the very information that is the subject of the FOIA complaint." *Id.*

Based on the record, the Court finds that plaintiff is not entitled to an order compelling defendant SSA to produce any discovery addressing its response to FOIA Request No. SSA-2017-001116. To the extent plaintiff wished to clarify confusing or "deceptive" information provided by defendant in response to his FOIA request [Doc. No. 23, at 1], he could have served defendant with a formal discovery request as permitted in Federal Rules of Civil Procedure 26, 30, 31, 33, or 34. It appears he could

---

[1] "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2

17cv2227-LAB(KSC)

have done so without exceeding the limitations set forth by the Ninth Circuit in *Lane v. Department of Interior*, 523 F.3d at 1134. However, there is nothing to indicate plaintiff ever served defendant with a formal discovery request in this case. As a result, the Court finds that plaintiff is not entitled to an order compelling defendant to clarify its response to FOIA Request No. SSA-2017-001116.

The Court also finds there is no basis for the imposition of discovery sanctions against defendant SSA under Rule 37. Under the circumstances presented, it would be "unjust" for the Court to impose any sanctions against defendant SSA. Fed.R.Civ.P. 37(a)(5)(A)(iii).

As noted above, the Court has construed plaintiff's "Notice of Defendant's Deceptive Actions and Request [for] Enforcement" as a Motion to Compel Discovery and a Motion for Discovery Sanctions. Based on the foregoing, IT IS HEREBY ORDERED that these Motions are DENIED. [Doc. No. 23.]

IT IS SO ORDERED.

Dated: February 12, 2019

Hon. Karen S. Crawford
United States Magistrate Judge