FILED

FEB 12 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY /W/ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS MORGAN,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL, Acting Commissioner, SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | Case No.: 17cv2227-LAB(KSC)<br><br>**ORDER DENYING PLAINTIFF'S "MOTION TO COMPEL DEFENDANT'S OBLIGATIONS," CONSTRUED AS A MOTION TO COMPEL DISCOVERY**<br><br>[Doc. No. 34.] |

  Plaintiff Travis Morgan, proceeding *pro se* and *in forma pauperis*, filed this action under the Freedom of Information Act ("FOIA") seeking an order compelling disclosure of administrative records by the Social Security Administration ("SSA"). [Doc. Nos. 1, pp. 6, 8.] Before the Court is a document filed by plaintiff which is entitled "Motion to Compel Defendant's Obligations." [Doc. No. 34.] In this Motion, plaintiff seeks an order compelling defendant "to properly report the destruction of federal records" to certain governmental entities. [Doc. No. 34, at p. 1.] He also requests that defendant

1

17cv2227-LAB(KSC)

"supply evidence" showing that SSA reported "the destruction of federal records" to certain governmental entities. [Doc. No. 34, at p. 2.] In conclusory fashion, plaintiff also alleges in his Motion that defendant SSA's "destruction of federal records" violated a number of Federal statutes and regulations. [Doc. No. 34, at p. 1.]

## *Background*

Plaintiff currently has two cases pending in this Court. First, as noted above, this case was filed under FOIA seeking an order compelling disclosure of administrative records by the SSA (the "FOIA case"). [Case No. 17cv2227-LAB(KSC), Doc. Nos. 1, 16, 18.] Second, plaintiff filed a Complaint challenging the SSA's denial of his claim for disability benefits (the "disability case"). [Case No. 18cv380-LAB(KSC), Doc. No. 1.] Although the cases are considered "related" and have both been assigned to the same District Judge and Magistrate Judge, they are not consolidated. There are documents common to both cases, but the cases do not involve common legal issues. [Case No. 18cv380-LAB(KSC), Doc. No. 16.]

## *Discussion*

In the current Motion to Compel Defendant's Obligations, plaintiff refers the Court to two letters in the record that are ***both*** dated December 21, 2015. [Doc. No. 34, at p. 2.] Plaintiff states in his Motion that both of these letters were "previously supplied" as exhibits, but he does not explain how to locate these exhibits in the record. [Doc. No. 34, at p. 2.] However, the Court was able to locate copies of two letters in the record that are dated December 21, 2015, and these appear to be the letters that plaintiff is referencing in his Motion.

The first letter dated December 21, 2015 is addressed to the SSA from the Internal Revenue Service (IRS) and provides the SSA with certain information about plaintiff's tax returns for the years 2008 and 2009 (the "IRS letter"). [Doc. No. 26-5, at pp. 13-14.] The IRS letter is included in the Administrative Record that was filed in this Court in connection with plaintiff's disability case. [Case No. 18cv380-LAB(KSC), Doc. No. 13, at pp. 138-139]. In addition, the IRS letter is attached as an exhibit to a Declaration

provided in support of SSA's Motion to Dismiss the FOIA case. [Case No. 17cv2227-LAB(KSC), Doc. No. 26-5, at pp. 13-14.] The Declaration filed in the FOIA case indicates that the IRS letter was produced to plaintiff as part of SSA's response to plaintiff's FOIA Request No. SSA-FOIA-000461. [Doc. No. 26-2, at p. 3, ¶ 9, referring to Exhibit A-3.] The Court notes that the IRS letter was disclosed to plaintiff even though it is not responsive to plaintiff's FOIA Request No. SSA-FOIA-000461. Plaintiff's FOIA Request No. SSA-FOIA-000461 does not seek disclosure of documents "authored by" the IRS. Rather, FOIA Request No. SSA-FOIA-000461 only seeks documents "authored by" SSA, the Office of the General Counsel, and the Office of the Inspector General. [Doc. No. 26-3, at p. 2.]

The second letter dated December 21, 2015 is addressed to plaintiff from the SSA and advises him that he is not eligible for disability benefits based on earnings records from November 2007 through December 2015 (the "denial of eligibility letter"). This denial of eligibility letter is included in the Administrative Record filed by the SSA in the disability case. [Case No. 18cv380-LAB(KSC), Doc. No. 13, at pp. 209-211 or AR 207-209.] Although this letter is responsive to plaintiff's FOIA Request No. SSA-FOIA-000461, it was not produced by the SSA in response to this request. [*See* Case No. 17cv2227-LAB(KSC), Doc. No. 26-2, at pp. 2-3; Doc. No. 26-5, at pp. 1-78 (Ex. A-3).] The SSA's List of Exhibits indicates that the denial of eligibility letter was made a part of the record because plaintiff provided the SSA with a copy. [Doc. No. 13, at p. 4, listing Exhibit 44 as "Claimant Supplied Evidence-SSA Noticed dated 12/21/2015."]

Based on the information outlined above, plaintiff contends in his Motion to Compel Defendant's Obligations that the SSA must have destroyed the denial of eligibility letter dated December 21, 2015. [Doc. No. 34, at pp. 1-2.] In this Court's view, however, it would simply be too much for the Court to conclude from the limited information available in the record that SSA destroyed this letter. What appears more likely is that the SSA made a clerical error when it disclosed the IRS letter dated December 21, 2015, which was not responsive to plaintiff's FOIA Request No. SSA-

FOIA-000461, rather than disclosing the denial of eligibility letter dated December 21, 2015, which was responsive to FOIA Request No. SSA-FOIA-000461. Regardless, copies of both of the December 21, 2015 letters are in the Court's record and are available to plaintiff for use in pursuing his request for judicial review of the denial of his claim for disability benefits, so there is nothing to indicate plaintiff has been prejudiced in any way.

Plaintiff's Motion to Compel Defendant's Obligations also does not cite a legal basis for the Court to grant him the relief he is seeking (*i.e.*, an order compelling defendant SSA to "supply evidence" that "the destruction of federal records" has been reported to the governmental entities listed in his Motion. [Doc. No. 34, at pp. 1-2.] Since it appears plaintiff seeks information from defendant about the alleged destruction of the December 21, 2015 denial of eligibility letter, the Court construes his moving papers as a motion to compel discovery under Federal Rule of Civil Procedure 37(a)(3)(B).[1]

Under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection," but only if a party fails to respond to formal discovery requests under the Federal Rules of Civil Procedure. Fed.R.Civ.P. 37(a)(3)(B)(i)-(iv). When permitted, discovery must be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, . . . , the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1). Discovery in FOIA cases "is limited because the underlying case revolves around the propriety of revealing certain documents." *Lane v. Department of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008).

---

[1] "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

4

Courts may deny or delay requests for discovery in a FOIA case, if the plaintiff seeks "the very information that is the subject of the FOIA complaint." *Id.*

Based on the record, the Court finds that plaintiff is not entitled to an order compelling defendant SSA to "supply evidence" that "the destruction of federal records" has been reported to the governmental entities listed in his Motion. [Doc. No. 34, at pp. 1-2.] First, as noted above, a motion to compel discovery under Rule 37(a)(3)(B) can only be filed if a party fails to respond to formal discovery requests. Fed.R.Civ.P. 37(a)(3)(B)(i)-(iv). Here, there is nothing to indicate plaintiff even made a formal discovery request to SSA during the course of this proceeding seeking information about the alleged destruction of any records.

Second, even if plaintiff could show he served a formal discovery request on the SSA requesting "evidence that the reporting of the destruction of federal records has been reported" to certain governmental entities, there is nothing to indicate that any such evidence would be relevant to the claims or defenses presented in the parties' operative pleadings. In other words, there are no allegations in plaintiff's Complaint about the destruction of any records by the SSA. Rather, plaintiff's original Complaint alleges that defendant SSA did not timely respond to FOIA Request No. SSA-2017-000461. [Doc. No. 1, at pp. 2-3.] Later, plaintiff filed a Motion to Amend his Complaint, and the District Court granted the Motion, allowing plaintiff to add allegations that the SSA "ignored" or did not timely respond to multiple FOIA requests. [Doc. No. 16, at pp. 1-2.] In addition, as far as this Court is aware, the SSA has not asserted any defense that it was unable to respond to any of plaintiff's FOIA requests because records were destroyed.

### ***Conclusion***

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's Motion to Compel Defendant's Obligations [Doc. No. 34], construed as a Motion to Compel Discovery under Federal Rule 37(a)(3)(B), is DENIED for: (1) failure to establish that

/ / /

/ / /

defendant was served with and failed to respond to a formal discovery request; and (2) failure to establish relevance under Federal Rule 26(b)(1).

IT IS SO ORDERED.

Dated: February 12, 2019

Hon. Karen S. Crawford
United States Magistrate Judge